UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REINALDO DIAZ GONZALEZ,

      Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER,
ATTORNEY GENERAL OF THE
UNITED STATES,

      Respondents,

      Case No. 2:26-cv-1229-KCD-DNF

_____/

## **ORDER**

Petitioner Reinaldo Diaz Gonzalez has filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.) As best the Court can tell, he claims that his ongoing confinement violates the Immigration and Nationality Act ("INA") and the Fifth Amendment. The Government has filed an opposition (Doc. 5), making this matter ripe. For the reasons below, the habeas petition is **DENIED**.

Gonzalez, a Cuban national, entered the United States in 2006 and became a lawful permanent resident. But his legal footing fractured a decade later. In February 2019, Gonzalez was convicted of conspiracy to possess with intent to distribute cocaine and received a ten-year prison sentence. Because

that controlled substance offense qualifies as an aggravated felony under immigration law, it triggered mandatory detention and made him deportable. *See* 8 U.S.C. §§ 1226(c)(1), 1227(a)(2)(A)(iii).

The administrative machinery moved quickly from there. On February 13, 2026, an immigration court denied Gonzalez's request for a custody redetermination, noting that his prior drug conviction locked him into mandatory detention. Then, on March 2, 2026, the immigration court ordered him removed to Cuba or an alternative country. That very same day, officials served Gonzalez with a warrant of removal and issued a formal notice to remove him to Mexico. (*See* Doc. 5-1.) Gonzalez then turned to this Court, seeking habeas relief. All told, he has spent approximately five months in immigration custody.

To the extent Gonzalez claims that he is entitled to a bond hearing under the INA, he is wrong. As best the Court can tell, his removal order is not yet final. So his detention is controlled by 8 U.S.C. § 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). Section 1226(c)(1)(B) mandates the detention of any alien who has been convicted of a controlled substance offense. *See* 8 U.S.C. § 1226(c)(1)(B); *Chamu v. U.S. Att'y Gen.*, 23 F.4th 1325, 1327 (11th Cir. 2022).

To the extent Gonzalez contends his current detention has been unreasonably prolonged under the Fifth Amendment, he is also wrong. "[H]is

five-months' detention without a bond hearing falls short of the time required for such detention to become unreasonable." *Casas v. Warden*, No. 1:26-CV-20987, 2026 WL 1238547, at *2 (S.D. Fla. May 6, 2026).

Accordingly, Gonzalez's habeas petition (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on May 19, 2026

Kyle C. Dudek
United States District Judge